UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:20-CR-77-CEH

NATHALIA GOMEZ-IRIZARRY

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by
and through the Money Laundering and Asset Recovery Section of the United
States Department of Justice Criminal Division and the United States
Attorney's Office for the Northern District of Georgia (together, "the
Government"), and the defendant, NATHALIA GOMEZ-IRIZARRY, (the
"Defendant"), and the attorney for the Defendant, Rebecca Castaneda,
mutually agree as follows:

**A.    Particularized Terms**

1.    Counts Pleading To

The Defendant shall enter a plea of guilty to Count One of the
Indictment.  Count One charges the Defendant with conspiring to commit
money laundering, in violation of 18 U.S.C. § 1956(h).

Deft.'s initials  N G

2.    Maximum Penalties

Count One carries a maximum sentence of twenty years imprisonment, a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, and a term of supervised release of not more than three years.

With respect to certain offenses, the Court shall order the Defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the Defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Elements of the Offense

The Defendant acknowledges understanding the nature and elements of the offense with which the Defendant has been charged and to which Defendant is pleading guilty.

The elements of Count One, charging conspiracy to commit money laundering, are:

| One: | two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. § 1956; and |
| Two: | the Defendant knew about the plan's unlawful purpose and voluntarily joined in it. |

2

Deft.'s initials  N G

4.   No Further Charges

If the Court accepts this Plea Agreement, the Government agrees not to charge the Defendant with committing any other federal criminal offenses known to the Government at the time of the execution of this agreement.

5.   Guidelines Sentence

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the Government and Defendant will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

a.   Base Offense Level ("BOL") pursuant U.S.S.G. § 2S1.1(a)(2)

8

b.   BOL increased under § 2B1.1(E) – amount of laundered funds was over $95,000 and less than $150,000

+ 8

c.   Decrease for Acceptance of Responsibility under § 3E1.1 – see proceeding Paragraph 6 of this Plea Agreement for further explanation

- 3

d.   Decrease for Minor Role in the Conspiracy under § 3B1.2(b)

- 2

Deft.'s initials  N G

3

e.  Total adjusted offense level

= 11

Notwithstanding the guideline level recommendation above, the Government agrees not to oppose an argument by the Defendant for a sentence of probation rather than imprisonment. The parties understand and agree that such arguments and recommendations are not binding on the Court and that, if either are not accepted by this Court, neither the Government nor the Defendant will be allowed to withdraw from the Plea Agreement, and the Defendant will not be allowed to withdraw the plea of guilty.

6.  Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the Government will recommend to the Court that the Defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The Defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the Defendant will not be allowed to withdraw from the Plea Agreement.

Further, at the time of sentencing, if the Defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the Defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea

Deft.'s initials NG

4

Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The Defendant understands that the determination as to whether the Defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the Government, and the Defendant agrees that the Defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      7.    Cooperation - Substantial Assistance to be Considered

The Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in Defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policies of the

Deft.'s initials  NG

Government, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policies of the Government, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the Defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the Government, and the Defendant agrees that Defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      8.    <u>Use of Information - Section 1B1.8</u>

      Pursuant to USSG §1B1.8(a), the Government agrees that no self-incriminating information which the Defendant may provide during the course of Defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

Deft.'s initials NG

6

9.   Cooperation - Responsibilities of Parties

a.    The Government will make known to the Court and other relevant authorities the nature and extent of the Defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the Defendant understands that the Government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the Defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the Defendant falsely implicate or incriminate any person, or should the Defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The Defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the Defendant for the charges which are to be dismissed pursuant to this agreement, if any, and

Deft.'s initials NG

7

may either seek reinstatement of or refile such charges and prosecute the

Defendant thereon in the event such charges have been dismissed pursuant to

this agreement.  With regard to such charges, if any, which have been

dismissed, the Defendant, being fully aware of the nature of all such charges

now pending in the instant case, and being further aware of Defendant's rights,

as to all felony charges pending in such cases (those offenses punishable by

imprisonment for a term of over one year), to not be held to answer to said

felony charges unless on a presentment or indictment of a grand jury, and

further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by rescission of any order

dismissing them or, alternatively, does hereby waive, in open court,

prosecution by indictment and consents that the United States may proceed by

information instead of by indictment with regard to any felony charges which

may be dismissed in the instant case, pursuant to this plea agreement, and the

defendant further agrees to waive the statute of limitations and any speedy

trial claims on such charges.

> (3)    The United States may prosecute the Defendant for

any offenses set forth herein, if any, the prosecution of which in accordance

with this agreement, the United States agrees to forego, and the Defendant

Deft.'s initials  N̆ǧ

agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The Government may use against the Defendant the Defendant's own admissions and statements and the information and books, papers, documents, and objects that the Defendant has furnished in the course of the Defendant's cooperation with the Government.

(5)     The Defendant will not be permitted to withdraw the guilty pleas to those counts to which the Defendant hereby agrees to plead in the instant case but, in that event, the Defendant will be entitled to the sentencing limitations, if any, set forth in this Plea Agreement, with regard to those counts to which the Defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire Plea Agreement null and void.

10.     Forfeiture of Assets

The Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1), whether in the possession or control of the United States, the Defendant or the Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a judgment in

Deft.'s initials NG

9

the amount that was involved in the offense to which the Defendant is

pleading guilty, as well as:

> (a) One 2017 Lamborghini Huracan Spyder, Vehicle Identification Number ZHWUR1ZF7HLA05916; and
>
> (b) One Tiffany diamond ring purchased on about December 6, 2013, and referenced in paragraph 20 of the Indictment.

The Defendant acknowledges and agrees that, as a result of the

acts and omissions of the Defendant, other property involved in the offense to

which the Defendant is pleading guilty has been transferred to third parties

and cannot be located by the United States upon the exercise of due diligence.

Therefore, the Defendant agrees that, pursuant to 21 U.S.C. § 853(p), the

United States is entitled to forfeit any other property of the Defendant

(substitute assets), up to the value of the property involved in the offense. The

Defendant further consents to, and agrees not to oppose, any motion for

substitute assets filed by the United States up to the amount of proceeds

obtained from commission of the offense(s). The Defendant agrees that

forfeiture of substitute assets as authorized herein shall not be deemed an

alteration of the defendant's sentence.

The Defendant agrees and consents to the forfeiture of these

assets pursuant to any federal criminal, civil judicial or administrative

forfeiture action. The Defendant also agrees to waive all constitutional,

Deft.'s initials  NG

10

statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

  If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

  The Defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the Defendant's sentencing. To that end, the Defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the Defendant, and to consent to the release of the defendant's tax returns for

Deft.'s initials  NG

the previous ten years. The Defendant further agrees to be interviewed by the Government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The Defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The Defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the Defendant as part of the defendant's cooperation.

The Defendant agrees to take all steps necessary to assist the Government in obtaining clear title to the forfeitable assets before the Defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

The Defendant agrees that, in the event the Court determines that the Defendant has breached this section of the Plea Agreement, the Defendant may be found ineligible for a reduction in the Guidelines

Deft.'s initials NG

12

calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.**     **Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The Defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the Defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the Defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged and to which the Defendant is pleading guilty. The Defendant further understands that compliance with any restitution payment plan imposed by the Court in no

Deft.'s initials  NG

13

way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the Defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The Defendant understands that this Plea Agreement imposes no limitation as to fine.

2.   Supervised Release

The Defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the Defendant should violate the conditions of release, the Defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The Defendant has been advised and understands that, upon conviction, a Defendant who is not a United States citizen may be removed

Deft.'s initials NG

from the United States, denied citizenship, and denied admission to the
United States in the future.

    4.    <u>Sentencing Information</u>

        The United States reserves its right and obligation to report to the
Court and the United States Probation Office all information concerning the
background, character, and conduct of the Defendant, to provide relevant
factual information, including the totality of the Defendant's criminal
activities, if any, not limited to the counts to which Defendant pleads, to
respond to comments made by the Defendant or Defendant's counsel, and to
correct any misstatements or inaccuracies. The United States further reserves
its right to make any recommendations it deems appropriate regarding the
disposition of this case, subject to any limitations set forth herein, if any.

    5.    <u>Financial Disclosures</u>

        Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the Defendant agrees to complete and submit to the
Government within 30 days of execution of this agreement an affidavit
reflecting the Defendant's financial condition. The Defendant promises that
her financial statement and disclosures will be complete, accurate and truthful
and will include all assets in which he has any interest or over which the
defendant exercises control, directly or indirectly, including those held by a

Deft.'s initials __NG__

15

spouse, dependent, nominee or other third party. The Defendant further

agrees to execute any documents requested by the United States needed to

obtain from any third parties any records of assets owned by the Defendant,

directly or through a nominee, and, by the execution of this plea agreement,

consents to the release of the Defendant's tax returns for the previous ten

years. The Defendant similarly agrees and authorizes the Government to

provide to, and obtain from, the United States Probation Office, the financial

affidavit, any of the Defendant's federal, state, and local tax returns, bank

records and any other financial information concerning the defendant, for the

purpose of making any recommendations to the Court and for collecting any

assessments, fines, restitution, or forfeiture ordered by the Court. The

Defendant expressly authorizes the Government to obtain current credit

reports in order to evaluate the Defendant's ability to satisfy any financial

obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to,

nor bound by, this Plea Agreement. The Court may accept or reject this plea

agreement, or defer a decision until it has had an opportunity to consider the

presentence report prepared by the United States Probation Office. The

Defendant understands and acknowledges that, although the parties are

Deft.'s initials NG

permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. The Defendant further understands and acknowledges that any discussions between Defendant or Defendant's attorney and the attorney or other agents for the Government regarding any recommendations by the Government are not binding on the Court and that, should any recommendations be rejected, the Defendant will not be permitted to withdraw the Defendant's plea pursuant to this plea agreement. The Government expressly reserves the right to support and defend any decision that the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with the Government's recommendations contained herein.

     7.   <u>Defendant's Waiver of Right to Appeal the Sentence</u>

     The Defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal Defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the Defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines;

17

Deft.'s initials  NG

(b) the ground that the sentence exceeds the statutory maximum penalty; or (c)
the ground that the sentence violates the Eighth Amendment to the
Constitution; provided, however, that if the Government exercises its right to
appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the
Defendant is released from her waiver and may appeal the sentence as
authorized by 18 U.S.C. § 3742(a).

    8.   <u>Parties to this Agreement</u>

        It is further understood that this agreement is limited to the
Government and cannot bind other federal, state, or local prosecuting
authorities, although the Government will bring the Defendant's cooperation,
if any, to the attention of other prosecuting officers or others, if requested.

    9.   <u>Filing of Agreement</u>

        This agreement shall be presented to the Court, in open court or
*in camera*, in whole or in part, upon a showing of good cause, and filed in this
cause, at the time of the Defendant's entry of a plea of guilty pursuant hereto.

    10.  <u>Voluntariness</u>

        The Defendant acknowledges that Defendant is intentionally
entering into this Plea Agreement and is pleading guilty freely and voluntarily
without reliance upon any discussions between the attorney for the
Government and the Defendant and Defendant's attorney and without

Deft.'s initials  N G

promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The Defendant further acknowledges Defendant's understanding of the nature of the offense or offenses to which Defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the Defendant's complete satisfaction with the representation and advice received from Defendant's undersigned counsel. The Defendant also understands that the Defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that Defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in Defendant's defense; but, by pleading guilty, the Defendant waives or gives up those rights and there will be no trial.  The Defendant further understands that if Defendant pleads guilty, the Court may ask the Defendant questions about the offense or offenses to which the Defendant pleaded, and if the Defendant answers those questions under oath, on the record, and in the presence of counsel (if any), the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement. The Defendant also understands that Defendant will be adjudicated guilty of the offenses to which

Deft.'s initials  N G

19

the Defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

The Defendant is pleading guilty because the Defendant is in fact guilty.  The Defendant certifies that the Defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would prove those specific facts and others beyond a reasonable doubt:

The Defendant was fully aware that the Defendant's husband, Jose I. Irizarry, filed for Chapter 13 personal bankruptcy reorganization in the United States Bankruptcy Court in Ft. Lauderdale, Florida (the "Bankruptcy Court"), on December 31, 2010.

Soon thereafter, but no later than February of 2011, and continuing through at least in or around October of 2017, the Defendant and the Defendant's husband conspired to engage in an illegal scheme to misappropriate, launder, and spend funds belonging to the United States Drug Enforcement Administration (the "DEA") while the Defendant's husband was a special agent with the DEA. To carry out the illegal scheme, the Defendant knowingly allowed her identity to be used by her husband to conduct banking and other commercial activity on her behalf. As part of the scheme the

Deft.'s initials  NG

20

Defendant received on behalf of her husband the following bribes and

kickbacks, totaling approximately $111,361, on the following approximate

dates,

| | Approximate Date | Approximate Value & Description |
|---|---|---|
| a. | Oct. 27, 2011 | $6,000 check to the Defendant |
| b. | Oct.-Nov. 2013 | Co-defendant Jose I. Irizarry directed a co-conspirator to wire transfer $43,000 into a bank account held in Defendant's name |
| c. | Mar. 2014 | $2,500 cash payment to a car dealer in Florida for a Land Rover purchased by the Defendant |
| d. | Feb. 24, 2015 | Co-defendant Jose I. Irizarry directed a co-conspirator to make a $9,861 payment to a line of credit held by Defendant at a U.S. financial institution |
| e. | Mar. 9, 2015 | Co-defendant Jose I. Irizarry utilized a bank account held in the name of the Defendant and Defendant's mother to receive an approximate $20,000 cash payment |
| f. | Mar. 24-25 2015 | Co-defendant Jose I. Irizarry utilized a bank account held in the name of the Defendant and Defendant's mother to receive an approximate $22,000 cash payment |
| g. | Aug. 14, 2015 | Co-defendant Jose I. Irizarry directed a co-conspirator to make a $1,000 cash deposit into a bank account held in the name of the Defendant |
| h. | June 16, 2017 | $7,000 payment to a car dealer in Florida for purchase of a Land Rover by the Defendant |

During the scheme, the Defendant and the Defendant's husband

used the illegal funds above to purchase jewelry, luxury vehicles, a home, and

make cash gifts to friends and family. Such spending activity included, but was

Deft.'s initials  N�687G

not limited to, the purchase of a Tiffany diamond ring for approximately

$30,000 in cash at a jewelry store in Bal Harbor, Florida. Other financial

activity with the funds included a December 26, 2013, wire transfer of $11,000

to the Miami-based daughter of a corrupt Colombian government official. The

wire transfer was disguised as a commercial transaction by a Florida shell

company, known as NGI Global Export, held in the name of the Defendant.

12.    Entire Agreement

This Plea Agreement constitutes the entire agreement between

the Government and the Defendant with respect to the aforementioned guilty

pleas and no other promises, agreements, or representations exist or have been

made to the Defendant or the Defendant's attorney with regard to such guilty

pleas.

13.    Certification

The Defendant and the Defendant's counsel certify that this Plea

Agreement has been read in its entirety by (or has been read to) the Defendant

and that the Defendant fully understands its terms.

Deft.'s initials ___NG___

DATED this _____ day of September 2020.

DEBORAH L. CONNOR
Chief
Money Laundering and Asset
Recovery Section

By: _____
Joseph Palazzo, Trial Attorney
Mark A. Irish, Trial Attorney
U.S. Department of Justice
1400 New York Avenue, N.W.
10th Floor
Washington, D.C. 20005

_____
Nathalia Gomez-Irizarry
Defendant

_____
Rebecca Castaneda
Attorney for Nathalia Gomez-Irizarry

And

BYUNG J. PAK
United States Attorney
Northern District of Georgia

By: _____
Kurt Erskine
First Assistant U.S. Attorney

23

Deft.'s initials  NG