**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                              CASE NO. 8:20-CR-77-CEH

**NATHALIA GOMEZ-IRIZARRY**

### Government's Sentencing Memorandum

The Money Laundering and Asset Recovery Section of the United States Department of Justice Criminal Division ("the Government") hereby submits this memorandum regarding the sentencing of defendant Nathalia Gomez-Irizarry ("the Defendant), including the findings of the presentence investigation report (the "PSR") filed on December 9, 2020. Doc. 73. This filing also includes the Government's response to the Defendant's sentencing memorandum filed on December 15, 2020. Doc. 75.

By the terms of the plea agreement (Doc. 58), the Government does not "oppose the Defendant's argument for a sentence of probation rather than imprisonment." *Id*. at 4.

**A.  Background**

On February 19, 2020, an Indictment was returned against the Defendant charging her with a single count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Doc. 1. On

October 2, 2020, this Court accepted a plea of guilty from her. Doc. 56. The Defendant is scheduled to be sentenced on December 17, 2020. Doc. 57.

As part of her plea, the Defendant admitted that between approximately 2011 and 2017,

> the Defendant and the Defendant's husband conspired to engage in an illegal scheme to misappropriate, launder, and spend funds belonging to the United States Drug Enforcement Administration (the "DEA") while the Defendant's husband was a special agent with the DEA. To carry out the illegal scheme, the Defendant knowingly allowed her identity to be used by her husband to conduct banking and other commercial activity on her behalf. As part of the scheme, the Defendant received on behalf of her husband [] bribes and kickbacks, totaling approximately $111,361…
> During the scheme, the Defendant and the Defendant's husband used the illegal funds above to purchase jewelry, luxury vehicles, a home, and make cash gifts to friends and family.

Doc. 58 at 20-22.

As part of her Sentencing Memorandum, the Defendant proffered factual details under the heading "PERSONAL BACKGROUND AND RELEVANT HISTORY" on pages two and three of her filing. Doc. 75 at 2-3. The Government does not dispute any of the information outlined by the Defendant in that section of her Sentencing Memorandum.

B.  **Presentence Investigation Report**

The Government has no objections to the findings and recommendations of the PSR, including its final guideline calculation of 12.

C.  **Position of the Government**

The Government's position is best represented by the terms and facts agreed upon in the plea agreement. Accordingly, the Government agrees with the recommended United States Sentencing Guideline calculation by the United States Probation Office and agrees that the Defendant played a minor role in the money laundering conspiracy described in Count One of the Indictment.  Furthermore, the Government does not oppose a final sentence of probation and forfeiture of the Tiffany diamond ring described in the Indictment and referenced in the Consent Motion for Preliminary Order of Forfeiture (Doc. 72) currently pending before the Court.

        Respectfully submitted,

        DEBORAH L. CONNOR
        Chief
        Money Laundering and Asset Recovery Section

By:   /s/ Joseph Palazzo
        Joseph Palazzo, Trial Attorney
        MDFL No. 0669666
        Mark A. Irish, Trial Attorney
        Puerto Rico Bar No. 209107
        U.S. Department of Justice
        1400 New York Avenue, N.W.
        10th Floor

>Washington, D.C. 20005
>(202) 514-1263
>joseph.palazzo@usdoj.gov
>mark.a.irish@usdoj.gov

DATED this 15th day of December, 2020.