Case 8:20-cr-00077-CEH-TGW   Document 81   Filed 12/29/20   Page 1 of 7 PageID 356
Case 8:20-cr-00077-CEH-TGW   Document 79   Filed 12/17/20   Page 1 of 7 PageID 345
Page 1 of 4

Nathalia Gomez-Irizarry
8:20-cr-77-T-36TGW

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: 8:20-cr-77-T-36TGW |
| v. | USM Number: 53976-069 |
| NATHALIA GOMEZ-IRIZARRY | Rebecca Castaneda, Retained |

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Indictment. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | Beginning on a date unknown to the Grand Jury, but no later than in or about February of 2011, and continuing through a date unknown to the Grand Jury, but no earlier than in or about January of 2018 | One |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

December 17, 2020

*Charlene Edwards Honeywell*
CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

December 17, 2020

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: MelanieBowman

I have executed within Judgment and Commitment on 12/17/2020

United States Marshal
By: _____
USMS Criminal Section

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 8:20-cr-00077-CEH-TGW   Document 81   Filed 12/29/20   Page 2 of 7 PageID 357
Case 8:20-cr-00077-CEH-TGW   Document 79   Filed 12/17/20   Page 2 of 7 PageID 346
Page 2 of 4

Nathalia Gomez-Irizarry
8:20-cr-77-T-36TGW

# PROBATION

Defendant is hereby placed on probation for a term of 5 years.

Defendant shall report to her current officer, Franklin Castillo, in the District of Puerto Rico within 48 hours for further instructions.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. The mandatory drug testing provisions of the Violent Crime Control Act are suspended. However, the Court orders Defendant to submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
5. If this judgment imposes a fine, Defendant shall pay in accordance with the Schedule of Payments sheet of this judgment.
6. Defendant shall notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

Defendant shall comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 8:20-cr-00077-CEH-TGW   Document 81   Filed 12/29/20   Page 3 of 7 PageID 358
Case 8:20-cr-00077-CEH-TGW   Document 79   Filed 12/17/20   Page 3 of 7 PageID 347
Page 3 of 4

Nathalia Gomez-Irizarry
8:20-cr-77-T-36TGW

## STANDARD CONDITIONS OF PROBATION

As part of your probation, Defendant shall comply with the following standard conditions of probation. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer.
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within 72 hours.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. Defendant shall follow the instructions of the Probation Officer related to the conditions of probation.

### U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____      Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 8:20-cr-00077-CEH-TGW   Document 81   Filed 12/29/20   Page 4 of 7 PageID 359
Case 8:20-cr-00077-CEH-TGW   Document 79   Filed 12/17/20   Page 4 of 7 PageID 348
Page 4 of 4

Nathalia Gomez-Irizarry
8:20-cr-77-T-36TGW

## ADDITIONAL CONDITIONS OF PROBATION

Defendant shall also comply with the following additional conditions of probation:

- Defendant shall perform 50 hours of community service during Defendant's term of supervision as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $100.00 | N/A | WAIVED | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

The Preliminary Order of Forfeiture (Doc. 77) entered on December 16, 2020, is made a part of the judgment.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                    Case No. 8:20-CR-77-CEH-TGW

NATHALIA GOMEZ-IRIZARRY

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court on the United States' Consent Motion for Preliminary Order of Forfeiture (Doc. 72) filed on December 8, 2020, for the following asset:

> One Tiffany diamond ring purchased on about December 6, 2013, assigned asset identification number 20-FBI-006403, and referenced in paragraphs 20 and 66 of the Indictment (the "RING"),

pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2).

Being fully advised in the premises, the Court hereby finds that the United States has established the requisite nexus between the Defendant's money laundering offense in violation of 18 U.S.C. § 1956(h), charged in Count One of the Indictment, and the RING. Accordingly, it is hereby:

ORDERED, ADJUDGED, AND DECREED that for good cause shown, the United States' Consent Motion for Preliminary Order of Forfeiture (Doc. 72) is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2), the RING is hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that:

1. The United States will provide written notice to all third parties known to have an alleged legal interest in the RING and will publish notice on the internet at www.forfeiture.gov.

2. That any person, other than the Defendant or her co-Defendant Jose Ismael Irizarry, who has or claims any right, title or interest in the RING must file a petition with this Court for a hearing to adjudicate the validity of their alleged interest in the RING. The petition should be mailed to the Clerk of the United States District Court, Tampa Division, Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

3. The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the RING, the time and circumstances of the petitioner's acquisition of the right, title or interest in the assets identified above, and any

additional facts surrounding the petitioner's claim and the relief sought.

4. After receipt of the petition by the Court, the Court will set a hearing to determine the validity of the petitioner's alleged interest in the assets identified above.

5. That upon adjudication of all third-party interests in the assets identified above, this Court will enter a Final Judgment of Forfeiture in which all interests will be addressed.

6. The Court retains jurisdiction to entertain any third-party claims that may be asserted in these proceedings, and to enter any further orders necessary for the forfeiture and disposition of the property.

DONE and ORDERED this 16th day of December, 2020, in Tampa, Florida.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Joseph Palazzo, Trial Attorney
Money Laundering and Asset Recovery Section
Criminal Division, U.S. Dept. of Justice
1400 New York Avenue, NW - 10th Floor
Washington, DC 20005
joseph.palazzo@usdoj.gov

Attorney of Record

3